**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

Ronald Rudolph Ernst,                           )
                                                )
                Petitioner,              )
                                                )          **ORDER**
     vs.                                       )
                                                )
Warden Timothy Schuetzle,                        )          Case No. 1:06-cv-036
                                                )
            Respondent.              )
_____

     Before the court is a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person

in State Custody filed by petitioner, Ronald Rudolph Ernst ("Ernst").  The Honorable Daniel L.

Hovland, Chief Judge of the District Court, has referred this matter to the undersigned for preliminary

consideration.

**I.      BACKGROUND**

     On October 28, 2002, Ernst pled guilty to burglary, two counts of theft of property,

disorderly conduct, and criminal mischief in state district court in Criminal Case No. 09-02-K-1810.

He was sentenced to eight years' imprisonment, with three years suspended, on the burglary charges.

He received concurrent sentences ranging from thirty days to one year on the remaining offenses.[1]

As a condition of probation, he was required to provide the North Dakota Department of Corrections

with a DNA sample.  In addition, he was ordered to attend, participate in, and successfully complete

a sex offender treatment program while incarcerated and to submit to psychiatric, psychological, or

_____

     [1] Ernst was charged with the offense of indecent exposure in State Criminal Case No. 09-02-K-2032.  He pled
guilty to this offense on October 28, 2002, and was subsequently sentenced to twelve months imprisonment.  State v.
Ernst, 2006 ND 41 ¶ 2, 710 N.W.2d 678; State v. Ernst, 2004 ND 221 ¶ 1, 691 N.W.2d 193; Ernst v. State, 2004 ND
152 ¶ 2, 683 N.W.2d 891.  All indications are that this sentence was to run concurrent to his sentences in State Criminal
Case No. 09-02-K-1810.

physiological assessments as directed.  Upon release from incarceration, he was ordered to register as a sex offender and to have no contact with children under the age of eighteen.

Ernst unsuccessfully petitioned the state courts between November 14, 2002, and November 22, 2005, alternatively seeking sentence corrections, sentence reductions, and leave to withdraw his underlying guilty pleas.  The state district court chronicled a number of his efforts in its order dated December 7, 2005.  See Ernst's Petition for Writ of Habeas Corpus, Ex. 2 [Order Denying Defendant's Motions to Vacate Sentence and for Appointment of Counsel].

On May 1, 2006, Ernst filed a habeas petition with this court wherein he challenges the imposition of the aforementioned conditions of probation on the grounds that they "[do] not pertain to the criminality in the charge offense of burglary."  He also appears to challenge the conditions of probation on the grounds that he was not given notice of their imposition until after sentencing.  Finally, Ernst also challenges in his petition the decision by penitentiary officials to strip him of his good time as punishment for not participating in and completing the sex offender treatment program.[2]  (See Docket No. 1)

## II.    DISCUSSION

### A.    Scope of Review

Under 28 U.S.C. § 2254, a federal court may review state-court criminal proceedings to determine whether a person is being held in violation of the United States Constitution or other federal law.  This review is limited because, as a matter of federalism and comity, primary responsibility for ensuring compliance with federal law in state-court criminal proceedings rests with the state courts.  Consequently, federal-court intervention is limited under § 2254(d) to the instances in which a person is being held in custody pursuant to a state-court decision that (1) is directly

---

[2]  Ernst's petition is devoid of any reference to or acknowledgment of his conviction for indecent exposure.

contrary to established federal law as enunciated by the United States Supreme Court, (2) is an objectively unreasonable application of Supreme Court precedent, or (3) is based on an unreasonable determination of the facts based on the evidence presented in the state-court proceeding.   See generally Woodford v. Visciotti, 537 U.S. 19, 26-27 (2002)(per curiam); Williams v. Taylor, 529 U.S. 362, 399-413 (2000); Williams v. Taylor, 529 U.S. 420, 436-437 (2000).[3]

Also, in keeping with the policy of state courts having primary responsibility for enforcement of federal rights in state-court proceedings, § 2254 contains a number of additional rules and procedures for ensuring that state-court convictions are given the maximum effect as allowed by law and to limit federal-court "retrials" of state-court criminal proceedings under the guise of federal habeas corpus.   See  Bell v. Cone, 535 U.S. 685, 693 (2003).  For example, under § 2254(b), a federal court may only consider claims that have been first presented to the state court for consideration.[4]  Further, it is not enough just to first present the federal claims to the state court.  The federal claims must also be exhausted in state court using available state-law procedures before there

---

[3]  The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning and has described the differences as follows:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. Id., at 405-406, 120 S.Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. Id., at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one. Id., at 409- 410, 120 S.Ct. 1495. See also id., at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

Bell v. Cone, 535 U.S. at 694; see also Early v. Packer, 537 U.S. 3, 7-11 (2002) (per curiam) (distinguishing between the application of the "contrary to" and "unreasonable application" clauses).

[4]  Proper presentation requires that the petitioner refer to the particular federal constitutional right or cite to a state or federal case that raises the pertinent constitutional issue.  Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005).

3

can be federal-court consideration of the claims. And, in most cases, claims that have been procedurally defaulted at the state level are not reviewable in federal court.[5]

Petitioners are also required in most cases to develop the factual bases for their federal claims in the state-court proceedings. Federal evidentiary hearings will not be available to develop the necessary facts unless petitioners can show that the claims rely upon a new, retroactive law or that petitioners could not have previously discovered the facts required to support their claims by the exercise of due diligence. 28 U.S.C. § 2254(e)(2). Finally, state-court factual findings carry a presumption of correctness that can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Habeas relief Section 2254 also challenges on federal constitutional grounds to the duration of future confinement of a state prisoner resulting from the denial of good-time credit. See e.g., Gomez v. Graves, 323 F.3d 610, 612-613 (8th Cir. 2003); Gentry v. Lansdown, 175 F.3d 1082 (8th Cir. 1999).

**B.      Review of Ernst's Petition**

Ernst asserts claims challenging a number of the conditions of probation that were imposed as part of his sentence, as well as a claim over the manner in which the conditions were imposed.

---

[5] The Eighth Circuit has set forth the governing rule and the relevant exceptions as follows:

A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds. *Reagan v. Norris,* 279 F.3d 651, 656 (8th Cir.2002). A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court, unless the prisoner can show cause and prejudice for the default, or actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards. *Murray v. Carrier,* 477 U.S. 478, 493-96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Clemons v. Luebbers 381 F.3d 744, 750 (8th Cir. 2004). The only other instance in which a federal court can consider a procedurally defaulted claim is when a federal court elects to deny the claim on the merits under § 2254(b)(3) notwithstanding the procedural default.

For purposes of this review, these claims will be considered together as claims challenging his sentence.

In addition, Ernst also claims he has been wrongly stripped of good-time credits that he claims he had earned while serving his sentence for failing to participate in, cooperate with, and complete sex offender treatment while incarcerated. While related in subject matter to the claims challenging his sentence, the claim relating to the denial of good-times credits is separate and distinguishable in that it challenges the administration of his sentence and not the sentence itself. See e.g., In re Cain, 137 F.3d 234, 236 (5th Cir. 1998).

1. **Ernst's claim challenging the administration of sentence and the exhaustion requirement**

There is no indication that Ernst has exhausted his state-court remedies with respect to the claim challenging the administration of his sentence in terms of the deprivation of good time. This is significant because the well-established exhaustion doctrine now codified at 28 U.S.C. § 2254(b)(1)(A) precludes granting habeas relief with respect to a claim for which state-court remedies have not be exhausted. E.g., Rhines v. Weber, 125 S.Ct. 1528, 1533 (2006); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001).

Although the exhaustion requirement is not jurisdictional and is an affirmative defense that can be waived, a court may, but is not is not obliged, to raise the issue *sua sponte*. See Granberry v. Greer, 481 U.S. 129, 133 (1987); see also Clary v. Strange, No. 3-06 CV 5 (SRU), 2006 WL 322471 at * 1 (D. Conn. February 9, 2006) (recognizing that a court "may raise failure to exhaust state court remedies sua sponte where petitioner's failure to present his claims to the state's highest court is apparent from the face of the petition."). This is because the exhaustion doctrine serves interests that are broader than those of the immediate parties. See id.

5

The purpose of the exhaustion doctrine is "to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Id. (quoting Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992)). It requires a state prisoner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Further, the exhaustion doctrine applies not only to habeas challenges to judgments of conviction and sentences, but also when a prisoner seeks habeas relief from a claim arising out of the administration of a prisoner's sentence, e.g., challenges to deprivations of accumulated good-time credits. Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999).

"To satisfy the exhaustion requirement, [a state prisoner] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon v. Dormire, 263 F.3d 774, 777 (emphasizing that the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under state law"). A state prisoner "meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." Gentry v. Lansdown, 175 F.3d 1082, 1083 (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).

On the other hand, a court should only require exhaustion when "there is some reasonable probability that the relief which the petitioner seeks will actually be available to him" and not require exhaustion when it would be an exercise in futility. Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).

6

Exactly what state remedies are available to a prisoner challenging a denial of good-time credits in North Dakota on constitutional grounds is a matter of some doubt- at least at the state district court level.  At one time, the North Dakota Supreme Court had held that such challenges should be presented initially in state district court pursuant to the Uniform Post-Conviction Procedure Act that was codified at N.D.C.C. ch. 29-32.  Matz v. Satran, 313 N.W.2d 740, 741 n.1 (1981); Smith v. Satran, 295 N.W.2d 118 (N.D. 1980) (requiring that henceforth challenges to an unlawful denial good-time credits must be brought pursuant to ch. 29-32 and not pursuant to a writ of habeas corpus to the North Dakota Supreme Court); see also Shulze v. Satran, 368 N.W.2d 531 (N.D. 1985).  However, ch. 29-32 has since been repealed and replaced by ch. 29-32.1, and § 29-32.1-01(2) states in relevant part:

> A proceeding under this chapter is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence.

Consequently, a petition for post-conviction relief pursuant to ch. 29-32.1 does not appear to be a remedy that can be used for challenging a denial of good-time credits.

Another possibility for state district court jurisdiction might be N.D.C.C. ch. 32-22 governing habeas corpus proceedings.  However, the respondent has recently been able to persuade two different state district court judges that a writ of habeas corpus under ch. 32-22 is not available when a person is legally in custody and the minimum period of incarceration that must be served before good-time reductions can be considered has not yet expired based on the literal requirements of N.D.C.C. §§ 32-22-02 and 32-22-17.  Alex v. Schuetzle, Order dated June 21, 2005, Case No. 05-C-0881, District Court, South Central Judicial District, Burleigh County (Hagerty, J.); Shultz v.

Schuetzle, Case No. 08-04-K-1582, District Court, South Central Judicial District, Burleigh County (Anderson, J.)[6]

Other possibilities for obtaining state district court relief might include separately or in combination: an action for a declaratory judgment under ch. 32-23, a request for an affirmative injunction under ch. 32-06, or a request for a writ of mandamus relief under ch. 32-34. While the court is not aware of any North Dakota cases that have permitted a challenge to a denial of good-time credits under these statutes, the North Dakota Supreme Court has held that a declaratory judgment action could be brought by a prisoner to litigate past and continuing rights to receive medical care. Ennis v. Dasovick, 506 N.W.2d 386 (N.D. 1993).[7] Also, courts in other states have relied upon these kinds of remedies to consider challenges to the administration of prisoners' sentences, including the denial of parole and deprivation of good-time credits. See e.g., Wayne v. Missouri Board of Probation and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996) (recognizing that Missouri law sanctions several devices for challenging a parole denial–the filing of a declaratory judgment action, petitioning for habeas corpus relief, and seeking a writ of mandamus); Scott v. Sumner, 887 F.2d 1089, 1989 WL 123648 (9th Cir. October 3, 1989) (unpublished) (observing that in Nevada mandamus proceedings are available to state prisoners challenging alleged misinterpretations of statutes regulating the grant of credits for good behavior); Chapman v. Norris, 2005 WL 1922582, *3 (E.D. July 25, 2005) (noting that declaratory and mandamus proceedings can

---

[6] In both cases, the state district court proceeded to consider the constitutional claims notwithstanding the conclusion that ch. 32-22 was not an appropriate remedy. Also, it appears that Judge Anderson further concluded that eligibility for good-conduct reduction is a matter within the complete discretion of the Department of Corrections and is not subject to review by the courts citing to State v. Ostafin, 1997 ND 102, 564 N.W.2d 616 (N.D. 1997), but this conclusion is subject to question (if that is what in fact Judge Anderson intended) based on prior decisions of the North Dakota Supreme Court referenced earlier herein and the fact that State v. Ostafin appears to be questionable authority for this proposition.

[7] An adjudicative action under the Administrative Practices Act does not appear to be an available remedy because the Department of Correction is not an administrative agency under the Act. N.D.C.C. 28-32-01(2)(m).

be used in Arkansas to challenge a denial of good-time credits); Jones v. Watkins, 945 F.Supp. 1143, 1149 (N.D. Ill. 1996) (acknowledging that an Illinois prisoner seeking a review of a prison administrative decision can file in state court a petition for a writ of habeas corpus, mandamus, or for declaratory judgment); Eugene v. Beck, 627 S.E.2d 284 (N.C. App. Ct. 2006) (denying on the merits an inmate's petition for declaratory relief and writ of mandamus wherein the inmate had alleged that a decrease in his good-time credits constituted a violation of his constitutional rights).

Aside from what remedies might be available in state district court, it appears the North Dakota Supreme Court can grant habeas corpus relief under the original jurisdiction conferred upon it by Art. VI, § 2 of the North Dakota Constitution. E.g., Jensen v. State, 373 N.W.2d 894 (N.D. 1985); Smith v. Satran, surpa. This appears to be true in spite of any limitations imposed by ch. 32-22 that may limit a district court in granting habeas relief. See id.

Because it does appear that state-court remedies are available, Ernst is required to exhaust there remedies if he has not already done so. However, the court must not lose sight of the fact that failure to exhaust is an affirmative defense and that the court should only require exhaustion when there is some reasonable probability of an available remedy. Consequently, if the respondent wishes to avail himself of the defense of failure to exhaust, it not unfair to require the respondent to specify what state-court remedies he believes are available and that must be pursued.[8]

## 2.    Prohibition against considering "mixed petitions"

It is also well-established that the exhaustion doctrine as codified by § 2254(b)(1)(A) prohibits this court from considering a "mixed petition" that contains both exhausted and unexhausted claims. Rhines v Weber, 125 S.Ct. at 1533-34. And, when presented with a "mixed petition," the court is required to dismiss the petition, except in those limited cases in which it is

---

[8] Further, the court assumes that, if the respondent represents that certain remedies are available, the respondent will not argue to the contrary in state court should Ernst return there to exhaust his unexhausted claims.

appropriate to stay the exhausted claims while the prisoner returns to state court to exhaust the unexhausted claims.  Id. at 1534-36.

### 3.   Timeliness of Ernst's claims challenging his sentence

Ernst's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions.  See 28 U.S.C. 2244(d)(1).  The limitation period runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).  However, the limitations period is tolled for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending in state court.  28 U.S.C. § 2244(d)(2).

Although timeliness is an affirmative defense, district courts may also raise the issue of lack of timeliness *sua sponte*.  Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).  However, when a court does raise the issue on its own initiative, it "must accord the parties fair notice and an opportunity to present their positions."  Id.  It must also assure itself that the petitioner "is not significantly prejudiced by the delayed focus on the limitations issue" and "determine whether the interests of justice would be better served by addressing the petition on the merits or by dismissing the petition as barred."  Id.

The state district court entered judgment in Criminal Case No. 09-02-K-1810 on November 5, 2002.  It subsequently entered the order imposing the conditions of probation with which Ernst takes exception on November 7, 2002.  Rule 37(b) of the North Dakota Rules of Criminal Procedure provides that a defendant has thirty days from entry of judgment file an appeal.  Ernst did not directly appeal his sentence.  Thus, under subsection (A), his one-year clock started to tick on December 7, 2002.  Carey v. Saffold, 536 U.S. 214, 119-220 (2002).

As illustrated by the following time line (culled primarily from a copy of the state district court's order of December 7, 2005, that Ernst filed with his petition), Ernst flooded the district court with requests for post-conviction relief in Criminal Case No. 09-02-K-1810.

| | |
|---|---|
| November 14, 2002 | Ernst filed a Motion for Reduction of Sentence [Motion #1]. |
| November 15, 2002 | The district court denied Motion #1. |
| December 6, 2002 | Ernst filed a Motion for Reduction of Sentence [Motion #2]. |
| December 18, 2002 | The district court denied Motion #2. |
| August 25, 2003 | Ernst filed a Motion for New and Corrected Sentence [Motion #3]. |
| August 28, 2003 | The district court denied Motion #3. |
| February 20, 2003 | Ernst filed an application for post-conviction relief [Application #1] with the district court, the grounds being that defense counsel coerced him into pleading guilty. |
| October 10, 2003 | The district court held a hearing on Application #1. |
| October 15, 2003 | The district court dismissed Application #1. |
| November 12, 2003 | Ernst appealed the district court's dismissal of Application #1. |
| February 3, 2004 | Ernst filed Motion for Change of Sentence  [Motion #4]. |
| February 22, 2004 | The district court denied Motion #4. |
| February 28, 2004 | Ernst filed a Motion to Withdraw Plea [Motion #5]. |

11

| | |
|---|---|
| March 5, 2004 | The district court denied Motion #5. |
| April 15, 2004 | Ernst files a Motion to Withdraw Plea  [Motion #6] |
| April 19, 2004 | The district court denied Motion #6. |
| April 27, 2004 | Ernst appealed the district court's denial of Motion #6. |
| July 22, 2004 | North Dakota Supreme Court affirms the district court's dismissal Application #1. |
| August 14, 2004 | Ernst filed a Motion for Plea Withdrawal and Correction of Sentence [Motion #7]. |
| August 14, 2004 | The district court denied Motion #7. |
| December 13, 2004 | The North Dakota Supreme Court affirms the district court's denial of Motion #6. |
| March 8, 2005 | Ernst filed Motion for Correction of Illegal Sentence [Motion #8]. |
| April 13, 2005 | The district court denied Motion #8. |
| July 1, 2005 | Ernst filed a Motion for Written Statement Setting Forth Reasons for Sentence [Motion #9]. |
| July 1, 2005 | The district court denied Motion #9. |
| July 4, 2005 | Ernst filed a Motion for Plea Withdrawal [Motion #10]. |
| July 7, 2005 | The district court denied Motion #10. |
| November 17, 2005 | Ernst filed Notice of Appeal re ? |
| November 22, 2005 | Ernst filed a Motion to Vacate Sentence [Motion #11] and a Motion for Appointment of Counsel [Motion #12]. |
| December 7, 2005 | The district court denied Motions #11 and #12. |
| February 23, 2006 | Supreme Court affirmed district court decisions/denied Ernst's appeal (filed on November 22, 2005). |

Even assuming all of these motions and applications for post-conviction relief constituted properly filed applications under AEDPA such that time consumed by these motions and applications could be tolled (which appears to be doubtful), Ernst's claims challenging his sentence appear to be time barred. Two-hundred fifty-three days elapsed from the date on which the district court denied Motion #2 until Ernst filed Motion #3. An additional one-hundred seventy-five days elapsed from the date on which the district court denied Motion #3 until Ernst filed his first application for post-conviction relief. Thus, approximately four-hundred twenty-eight days of time that may not be excluded had already lapsed by February 20, 2003. Consequently, unless there is something that the court is unaware of or the foregoing history is incorrect, Ernst's claims challenging his sentence are likely time-barred.

## III. CONCLUSION

Because it appears from the face of Ernst's petition that he may not have exhausted his claim challenging the administration of his sentence and because it further appears his claims challenging his sentence are time-barred, the court concludes that requiring the Respondent to make a full response to Ernst's petition is not warranted at this time. The court therefore **ORDERS** as follows:

1.    The clerk shall serve the Respondent with a copy of Ernst's petition.

2.    Upon receipt of the petition, the Respondent shall within thirty (30) days:

     a.    File the relevant portions of the state-court record that will allow the court to make a determination regarding the timeliness of the claims set forth in Ernst's petition.

     b.    Indicate whether or not the Respondent is claiming that Ernst has failed to exhaust his state-court remedies and, if so, specify exactly what remedies the

              Respondent believes are available under North Dakota law that must be exhausted.

3.     Upon the Respondent making the limited response as set forth above, Ernst shall have thirty (30) days to file a response and to otherwise show cause (a) why his entire petition should not be dismissed (both the exhausted and unexhausted claims) for failing to exhaust state-court remedies with respect one or more of his claims and (b) why his claims challenging his sentence should not be dismissed on lack of timeliness grounds.

4.     The parties may also in their filings advise the court as to whether dismissal of the entire petition without prejudice is appropriate if the court concludes that Ernst has failed to exhaust his state-court remedies with respect to one or more claims, or whether the present petition should be stayed and held in abeyance pending Ernst's exhaustion of any unexhausted claims.

5.     Upon receipt of the petition, the Respondent may, but is not required to at this time, file an answer that complies with the requirements of Rule 5 of the Rules Governing Section 2254 cases within sixty (60) days.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2006.

                                    /s/ Charles S. Miller, Jr.
                                    Charles S. Miller, Jr.
                                    United States Magistrate Judge