**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Ronald Rudolph Ernst, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Warden Timothy Schuetzle, | ) | Case No. 1:06-cv-036 |
| | ) | |
| Respondent. | ) | |

Before the Court is Respondent's motion to dismiss the Petitioner's amended petition for habeas corpus relief.  The Respondent argues the amended petition is time barred, fails to raise any constitutional issues, and the Petitioner has not exhausted his state court remedies.  The Petitioner resists the motion.  For the reasons explained below the undersigned recommends that the motion be granted.

I.      **BACKGROUND**

A.      **State Court Record**

On October 28, 2002, Ernst pled guilty in state district court to charges of burglary, theft of property (two counts), disorderly conduct, and criminal mischief in Case No. 09-02-K-1810.  This will be referred to as the "Burglary Case."  On the same day, Ernst also pled guilty in Case No. 09-02-K-2032 to the charge of indecent exposure.  This will be referred to herein as the "Indecent Exposure Case."

In the Burglary Case, Ernst was sentenced to eight years' imprisonment on the burglary charge, with three years suspended for a period of five years and during which time Ernst would be placed on supervised probation.  On the remaining charges, he received concurrent sentences

1

ranging from thirty days to one year.  The part of the criminal judgment setting forth the sentences in the Burglary Case is dated November 5, 2002.  There is also an Appendix "A" dated November 7, 2002, containing the conditions of probation.  Both the criminal judgment and Appendix "A" were filed on November 7, 2002, and are obviously intended to constitute one judgment.  This sentence has been served.

In the Indecent Exposure Case, Ernst was sentenced to twelve months' imprisonment to run consecutively to the sentence imposed in the Burglary Case.[1]  The judgment of conviction was filed October 30, 2002, and an amended judgment was entered on November 8, 2002.  The nature of the amendment to the judgment cannot be discerned as the record does not contain a copy of either judgment.  Ernst is scheduled to be released on June 27, 2007.

Following his convictions, Ernst filed at least two petitions for post-conviction relief, numerous Rule 35 motions seeking withdrawal of his plea of guilty or to correct an illegal sentence, and five appearances before the North Dakota Supreme Court. State v. Ernst, 729 N.W.2d 234 (N.D. 2007); Ernst v. State, 725 N.W.2d 588 (N.D. 2006); State v. Ernst, 710 N.W.2d 678 (N.D. 2006); State v. Ernst, 691 N.W.2d 193 (N.D. 2004); Ernst v. State, 683 N.W.2d 891 (N.D. 2004).

## B.    Federal Court Procedure

Petitioner, Ronald Rudolph Ernst ("Ernst"), filed a petition for writ of habeas corpus  with this court on May 1, 2006.  Ernst currently is serving time at the North Dakota State Penitentiary. He is scheduled to be released in June 27, 2007.  In the original petition Ernst challenged certain conditions of his probation that he claims are unlawful and were unlawfully imposed.  He also alleged the unlawful denial of good-time credits due to his failure to participate in sex offender treatment.  Both claims in the original petition related to Ernst's Burglary conviction.  No claims

---

[1] Ernst claims the indecent exposure sentence was to run concurrently with the burglary sentence and that the transcript of the sentencing proceeding, which states otherwise, has been altered.

were raised relating to his Indecent Exposure conviction.

After conducting a habeas pre-docketing review on the original petition, the court expressed a concern about the timeliness of Ernst's claims and whether his claim regarding the deprivation of his good-time credits had been exhausted. Consequently, the court ordered that Ernst's petition be served upon the Respondent, prison warden Timothy Schuetzle ("Schuetzle"), and directed Schuetzle to address the issues of exhaustion and timeliness. The court also gave Ernst 30 days to reply to Schuetzle's submissions and to state why his petition should not be dismissed on the grounds of timeliness and failure to exhaust state remedies. Schuetlze responded and filed a motion to dismiss which Ernst resisted.

The undersigned ultimately recommended that Ernst's petition be dismissed because it is a "mixed petition" containing unexhausted claims, at least with respect to his claim seeking restoration of the good-time credits, unless within 15 days of the date of the Report and Recommendation he filed (1) an amended petition deleting at least the claim seeking restoration of the good-time credits, or (2) a motion to the court seeking to hold the present petition in abeyance while he exhausts at least the claim related to the alleged deprivation of good-time credits. Ernst then filed a motion to hold the case in abeyance while he exhausted his state court remedies on the good time credit issue. On January 19, 2007, Chief Judge Hovland adopted the undesigned's Report and Recommendation, granted Ernst's motion, and stayed the case. On March 12, 2007, Ernst filed a motion to lift the stay and file an amended petition. The motion was granted and the amended petition was filed March 15, 2007. The Court ordered Schuetzle to answer the amended petition. On May 21, 2007, Schuetzle filed an answer and motion to dismiss. It is this motion to dismiss which is now before the Court. The motion raises the issues of timeliness, exhaustion, and failure to allege a federal constitutional violation.

3

### C.      Amended Petition

Ernst raise four issues in his amended petition.  The first claim is that the sentencing court unlawfully changed his sentence in the Indecent Exposure case to run consecutively to the sentence on the Burglary case rather than concurrently.  The second claim is the imposition of probation conditions in the Burglary case which Ernst claims are unlawful and were unlawfully imposed. These first two claims are well developed and discussed at length in Ernst's brief.  The third claim is for an alleged failure to properly calculate the amount of good-time credits on his sentence in the Burglary case.  The fourth claim is for an alleged failure to receive proper credit for time spent in custody prior to being sentenced.  The third and fourth claims are not at all well developed and receive only passing mention in the accompanying brief in support of the petition.  The good time credit claim in the amended petition is entirely different from the good time claim relating to a failure to participate in sex offender treatment that was raised in the original petition.[2]  Three of the four claims in the amended petition are entirely new.  Only the claim regarding probation conditions was addressed in the original petition.

## II.      DISCUSSION

### A.      Scope of Review

Under 28 U.S.C. § 2254, a federal court may review state-court criminal proceedings to determine whether a person is being held in violation of the United States Constitution or other federal law.  This review is limited because, as a matter of federalism and comity, primary responsibility for ensuring compliance with federal law in state-court criminal proceedings rests with the state courts.  Consequently, federal-court intervention is limited under § 2254(d) to the instances in which a person is being held in custody pursuant to a state-court decision that (1) is directly

---

[2]It can only be assumed Ernst has abandoned his claim relating to good time credits and sex offender treatment.

contrary to established federal law as enunciated by the United States Supreme Court, (2) is an objectively unreasonable application of Supreme Court precedent, or (3) is based on an unreasonable determination of the facts based on the evidence presented in the state-court proceeding. <u>See generally</u> <u>Woodford v. Visciotti</u>, 537 U.S. 19, 26-27 (2002)(per curiam); <u>Williams v. Taylor</u>, 529 U.S. 362, 399-413 (2000); <u>Williams v. Taylor</u>, 529 U.S. 420, 436-437 (2000).[3]

Also, in keeping with the policy of state courts having primary responsibility for enforcement of federal rights in state-court proceedings, § 2254 contains a number of additional rules and procedures for ensuring that state-court convictions are given the maximum effect as allowed by law and to limit federal-court "retrials" of state-court criminal proceedings under the guise of federal habeas corpus. <u>See</u> <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2003). For example, under § 2254(b), a federal court may only consider claims that have been first presented to the state court for consideration.[4] Further, it is not enough just to first present the federal claims to the state court. The federal claims must also be exhausted in state court using available state-law procedures before there can be federal-court consideration of the claims. And, in most cases, claims that have been procedurally

---

[3] The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning and has described the differences as follows:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.*, at 405-406, 120 S.Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.*, at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. Id., at 409- 410, 120 S.Ct. 1495. See also *id.*, at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

Bell v. Cone, 535 U.S. at 694; <u>see</u> also Early v. Packer, 537 U.S. 3, 7-11 (2002) (per curiam) (distinguishing between the application of the "contrary to" and "unreasonable application" clauses).

[4] Proper presentation requires that the petitioner refer to the particular federal constitutional right or cite to a state or federal case that raises the pertinent constitutional issue. <u>Cox v. Burger</u>, 398 F.3d 1025, 1031 (8th Cir. 2005).

defaulted at the state level are not reviewable in federal court.[5]

Petitioners are also required in most cases to develop the factual bases for their federal claims in the state-court proceedings. Federal evidentiary hearings will not be available to develop the necessary facts unless petitioners can show that the claims rely upon a new, retroactive law or that petitioners could not have previously discovered the facts required to support their claims by the exercise of due diligence. 28 U.S.C. § 2254(e)(2). Finally, state-court factual findings carry a presumption of correctness that can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

While the foregoing provisions of § 2254 are most often applied to habeas proceedings that challenge the validity of state-court convictions, the provisions also apply to challenges on federal constitutional grounds to present or future confinement of a state prisoner resulting from the denial of good time credit. See e.g., Gomez v. Graves, 323 F.3d 610, 612-613 (8th Cir. 2003).

### B.     Timeliness

Schuetzle argues that Ernst's claims regarding the alleged change in his Indecent Exposure sentence from concurrent to consecutive, proper credit for time served, and the propriety of the

---

[5] The Eighth Circuit has set forth the governing rule and the relevant exceptions as follows:

A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds. *Reagan v. Norris,* 279 F.3d 651, 656 (8th Cir.2002). A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court, unless the prisoner can show cause and prejudice for the default, or actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards. *Murray v. Carrier,* 477 U.S. 478, 493-96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Clemons v. Luebbers 381 F.3d 744, 750 (8th Cir. 2004). The only other instance in which a federal court can consider a procedurally defaulted claim is when a federal court elects to deny the claim on the merits under § 2254(b)(3) notwithstanding the procedural default.

6

probation conditions imposed in the Burglary case are time-barred.

Ernst's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions. See 28 U.S.C. 2244(d)(1). The limitation period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D). "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). A petition for a writ of certiorari to the United States Supreme Court to review a judgment in a criminal case entered by a state court of last resort is timely when it is filed with the Supreme Court Clerk of Court within 90 days after entry of the judgment. Sup. Ct. R. 13.1.

Timeliness is an affirmative defense. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). The limitations period is tolled for the time during which a "properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim" is pending in state court.  28 U.S.C. § 2244(d)(2).

The sentencing hearing in both the Burglary and Indecent Exposure cases was held on October 28, 2002.  The state district court entered judgment in the Burglary case on November 5, 2002.  It subsequently entered the order imposing the conditions of probation with which Ernst takes exception on November 7, 2002.  Judgment in the Indecent Exposure case was entered on October 30, 2002.  An amended judgment was filed November 8, 2002.  In North Dakota, a defendant has thirty days from the entry of judgment to file an appeal. N.D. R. App. P. 4(b)(1). Ernst did not directly appeal either sentence.  Thus, under subsection (A), his one-year clock started to tick on December 8, 2002, for the Burglary case and December 9, 2002, for the Indecent Exposure case. Carey v. Saffold, 536 U.S. 214, 219-220 (2002).  Ernst did file numerous motions for reduction of sentence, corrected sentence, to withdraw plea, and applications for post-conviction release in both cases over the next several years.

The undersigned addressed the issue of timeliness in an initial review of and report and recommendation regarding the original Petition dated December 19, 2006.  The Court later adopted that report and recommendation.  At that time, at least with regard to the claims arising out of the Burglary conviction, the Court concluded "that it is not possible to make this determination based upon the records that have been furnished to date."  Nothing has changed.  Schuetzle, while maintaining the claims are time-barred, has submitted no additional documentation to bolster his argument.[6]

---

[6]The issue of whether the new claims presented in the amended petition relate back to the date of the original petition for purposes of calculating the limitations period has not been raised. See Mayle v. Felix, 545 U.S. 644, 664 2005 (holding an amended petition relates back to the original petition filing date when the original claim and the amended claim arise out of the same conduct, transaction, or occurrence).

As for consecutive versus concurrent sentence claim relating to the Indecent Exposure case the issue is not so foggy. The relevant documentation before the court is the docket sheet. Based upon a review of that docket sheet it is evident that the claim is untimely. As noted above, Ernst's one year clock began to run on December 9, 2002. He did not file any motions or appeals whatsoever in the Indecent Exposure case until August 4, 2004. Thus, the one year clock was not tolled before it ran out on December 9, 2003. Ernst has submitted nothing to refute this computation. The claim relating to the Indecent Exposure charge that the sentence was illegally changed to run consecutively rather than concurrently is time-barred.[7]

### C.    Exhaustion/Procedural Default

Schuetzle argues that Ernst has failed to exhaust his administrative remedies with regard to all three of the new claims. Those are the claims alleging a change in his Indecent Exposure sentence from concurrent to consecutive, credit for time served, and the accrual of good-time credits.

It is well established that the exhaustion doctrine, now codified at 28 U.S.C. § 2254(b)(1)(A), precludes a federal court from granting habeas relief with respect to claims that have not been presented first to the state court and exhausted using available state-court remedies. E.g., Rhines v. Weber, 544 U.S. 269, 273-74 (2005); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001). The requirement of exhaustion includes, not only presenting the claims to the state court having initial jurisdiction, but also presenting the claims to the highest state court that has the power to consider the claims. O'Sullivan v. Boerckel, 526 838, 847 (1999). "To satisfy the exhaustion requirement, [a state prisoner] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d

---

[7]The claim would likely fail on the merits as well. The transcript of the sentencing hearing states the Indecent Exposure sentence is to run concurrently with the Burglary sentence and Ernst's argument that the transcript has been altered is completely unsubstantiated. In addition, the Court would point out that an oral pronouncement of sentence controls over a written judgment. State v. Raulston, 707 N.W.2d 464, 467 (N.D. 2005).

1082, 1083 (8th Cir. 1999).  A state prisoner "meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits."  Id.

After reviewing the material filed by the parties, the Court concludes that Ernst did raise the consecutive versus concurrent issue, credit for time served issue, and the good-time credit issue in his most recent Rule 35 motion. See State v. Ernst, 729 N.W.2d 234 (N.D. 2007).  However, Ernst did not raise these issues in the context of a federal constitutional argument. See, Docket No. 26, Exhibit No. 24.  He did not refer to any federal constitutional error, cite the violation of any constitutional provision, or cite a case raising a pertinent federal constitutional issue in his Rule 35 motion.  His failure to do so constitutes procedural default.  Proper presentation requires that a petitioner refer to the particular federal constitutional right or cite to a state or federal case that raises the pertinent constitutional issue. Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005).  Ernst did not do this and thus has procedurally defaulted on the consecutive versus concurrent issue, credit for time served issue, and the good-time credit issue.

Ernst did present the issue regarding the conditions of probation as a violation of his Fourth and Fourteenth Amendment rights in state court and thus has arguably satisfied the exhaustion requirement. State v. Ernst, 729 N.W.2d 234 (N.D. 2007); State v. Ernst, 691 N.W.2d 193, 194 (N.D. 2004).

### D.    Violation of Constitutional Right

Schuetzle argues that all of Ernst's claims are subject to dismissal as he has failed to allege a federal constitutional violation.  Federal habeas corpus relief is only available for the violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); Evenstad v. Carlson,

470 F.3d 777, 782 (8th Cir. 2006).  It is necessary for the petitioner to refer to the particular federal constitutional right or cite to a state or federal case that raises the pertinent constitutional issue at both the state court level and in his federal habeas corpus petition.  Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005).

Upon a thorough review of Ernst's amended petition it is evident that Ernst has not pled the violation of a right secured by the constitution, or laws of the United States with regard to any of his claims, including the claim regarding the conditions of probation.  The amended complaint does not contain one reference to a federal constitutional right or federal law that has been violated.  None of Ernst's briefs or other submissions reference the violation of a constitutional right or federal law.  No Supreme Court authority is cited supporting his claims.  Ernst petition does raise numerous complaints of violation of state law but federal habeas corpus relief is not available for when a state court misapplies state law. Evenstad, 470 F.3d at 782.  Ernst does not address the issue of his failure to plead a constitutional violation or violation of federal law in his response to Schuetzle's motion to dismiss.  Ernst's failure to plead such a violation warrants dismissal. Buchheit v. Norris, 459 F.3d 849, 853 (8th Cir. 2006).

## III.   CONCLUSION AND RECOMMENDATION

In summary, the claim that the sentencing court unlawfully changed his sentence in the Indecent Exposure to run consecutively rather than concurrently should be dismissed as untimely, unexhausted, and for failure to plead a constitutional violation.  The claim relating to the conditions of probation imposed by the state court should be dismissed for failure to plead a constitutional violation.  The claim relating to the calculation of good-time credits and the claim regarding credit for time spent in custody prior to being sentenced should be dismissed as unexhausted and for failure to plead a constitutional violation.

For the reasons set forth above, it is hereby **RECOMMENDED** that Scheutzle's motion be **GRANTED** and Ernst's petition be dismissed.

The undersigned further **RECOMMENDS** that the Court certify that:

1.      An appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

2.      Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).

The undersigned also **RECOMMENDS** that the Court not issue, a certificate of appealability.[8]  If the Court does not issue a certificate of appealability Ernst may request the issuance of a certificate of appealability from a circuit judge of the Court of Appeals for the Eighth Circuit in accordance with Tiedeman v. Benson, 122 F.3d 518, 250-22 (8th Cir. 1997).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 28th day of June, 2007.

                                        /s/ Charles S. Miller, Jr.
                                        Charles S. Miller, Jr.
                                        United States Magistrate Judge

---

[8]The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c).  Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).